IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN CARUSO and RICHARD CARUSO, | ) | |
| Plaintiffs, | ) | Civil Action No. 15-505 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell/ |
| | ) | District Judge Nora Barry Fischer |
| DARDEN RESTAURANTS, INC., | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I. RECOMMENDATION

Plaintiffs Colleen and Richard Caruso initiated this action against Defendant Darden Restaurants, Inc., in the Court of Common Pleas of Westmoreland County, Pennsylvania on March 5, 2015. Defendant timely removed the action to this Court on April 16, 2015. Plaintiffs filed a motion to remand this case to state court. *See* Mot. to Remand [ECF No. 8]. Defendant responded thereto on June 26, 2015 [ECF Nos. 11, 12]. Therefore, the motion is fully briefed and ripe for disposition. For the following reasons, it is respectfully recommended that Plaintiffs' motion to remand [ECF No. 8] be denied.

### II. REPORT

a. Background

Plaintiffs, Colleen and Richard Caruso, husband and wife, commenced this personal injury action in the Court of Common Pleas of Westmoreland County against Defendant, Darden Restaurants, Inc., for a fall Mrs. Caruso suffered on Defendant's premises. On or about April 16, 2014, Plaintiffs visited Defendant's dining establishment and as Mrs. Caruso attempted to enter her vehicle, she tripped and fell on a landscaping rock and suffered multiple injuries. After

Defendant timely removed the case to this Court, Plaintiffs filed the instant motion to remand the case to state court arguing that Defendant is a citizen of Pennsylvania such that diversity jurisdiction for removal is divested.

   b. Discussion

Certain jurisdictional requirements must be met for a defendant to remove a case from state court to the federal district court. Generally, a defendant may remove a case to the federal district court if that court would have had original jurisdiction over the matter had it been filed there in the first instance. 28 U.S.C. § 1441; *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 960 (3d Cir. 1980). A district court has original jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiff(s) and defendant(s). *See* 28 U.S.C.A. § 1332(a).

With respect to a corporation's citizenship, "a corporation shall be deemed a citizen of any state by which it is incorporated and of the state where it has its principal place of business[.]" 28 U.S.C. § 1332(c). A corporation's principal place of business is "the place where the corporation's high level officers direct control, and coordinate the corporation's activities[,]" often referred to as the corporation's "nerve center." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1189-90, 175 L.Ed.2d 1029 (2010)). Where, as here, the corporation is an LLC, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Moreover, "where an LLC as, has one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members

there may be' to determine the citizenship of the LLC." *Id*. (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

If a plaintiff moves to remand, the "defendant has the burden of establishing the propriety of removal." *Viola v. Provident Life & Acc. Ins. Co.*, No. CIV. A. 00-1656, 2000 WL 1022894, at *1 (E.D.Pa. July 17, 2000) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). After removal, the case may be remanded to state court if there is a procedural defect such as subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute must be strictly construed against removal to enforce the Congressional intent to restrict federal diversity jurisdiction. *Boyer*, 913 F.2d at 111; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

In deciding a motion to remand, a court "is not limited to the plaintiff's complaint, but may instead look to the entire record" in making its determination. *Speight v. Pers. Pool of Am., Inc.*, No. CIV.A. 93-2055, 1993 WL 276859, at *2 (E.D. Pa. July 20, 1993) (citing *Jones & Laughlin Steel Corp. v. Johns–Manville Sales Corp.,* 626 F.2d 280, 282 n.1 (3d Cir.1980); *Darling v. Piniella,* 1991 WL 193524, *4–5 (E.D. Pa. Sept. 27, 1991); *Corwin Jeep Sales & Service, Inc. v. American Motors Sales Corp.,* 670 F.Supp. 591, 596 (M.D. Pa.1986)). Therefore, it is proper for this Court to consider the Affidavit of Defendant's employee, Jeanette Varela in making this recommendation.

In the instant case, Plaintiffs improperly named Darden Restaurants d/b/a Olive Garden Italian Restaurants as the Defendant in the complaint. As set forth in the Notice of Removal, GMR Restaurants of Pennsylvania, LLC ("GMR Restaurants") is the proper defendant and not

Darden Restaurants.[1] *See* Notice of Removal [ECF No. 1] at ¶ 8. GMR Restaurants is incorporated under the laws of the State of Delaware and has its principal place of business in Florida. *Id*. at ¶ 8; Affidavit of Jeanette Varela [ECF No. 11-1] at ¶ 3. GMR Restaurant's sole managing member is RARE Hospitality Management, Inc., which is a Delaware corporation with its principal place of business in Orlando, Florida. Affidavit of Jeanette Varela [ECF No. 11-1] at ¶¶5-6. GMR Restaurants operates no offices in any other state but Florida. *Id*. at ¶ 9. Plaintiffs only controvert this fact by arguing that because GMR Restaurant's corporate identity suggests that the company is incorporated in Pennsylvania, it is in fact a Pennsylvania corporation. This argument is unconvincing, as the sworn affidavit of Defendant's employee, properly considered by this Court, demonstrates the contrary. See *Speight,* No. CIV.A. 93-2055, 1993 WL 276859, at *2 (E.D. Pa. July 20, 1993) (relying on affidavit from defendant company's employee to prove diversity). Additionally, the fact that a company chooses to include the name of a state in its corporate identity is not dispositive of that company's state of incorporation or where its principal place of business is located. Accordingly, upon review of the record, there is complete diversity between Plaintiffs, both citizens of Pennsylvania and GMR Restaurants, a Delaware corporation with its principal place of business in Florida and its sole managing partner also being a Delaware corporation with its principal place of business in Florida. This court properly has jurisdiction over the instant matter and it is respectfully recommended that Plaintiffs' motion to remand the case to state court be denied.

---

[1] Even if Darden Restaurants, Inc. was the proper Defendant, it is incorporated under the laws of the State of Florida and its principal place of business is located in Florida. *See* Notice of Removal [ECF No.1] at ¶¶ 7-9. Therefore, diversity of citizenship exists between Plaintiffs and Darden Restaurants, Inc.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiffs' motion to remand [ECF No. 8] be denied.

In accordance with Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until August 5, 2015 to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

Dated: July 21, 2015

                                              Respectfully submitted,

                                              /s Robert C. Mitchell
                                              ROBERT C. MITCHELL
                                              United States Magistrate Judge

cc:     The Honorable Nora Barry Fischer
        United States District Court
        Western District of Pennsylvania

        *Counsel for Plaintiffs*
        George C. Apessos, Esquire
        Ainsman, Levine, & Drexler, LLC
        1500 Grant Building
        Pittsburgh, PA 15219

        *Counsel for Defendant*
        John P. Lock, Esquire
        Malena S. Kinsman, Esquire
        Ansa Assuncao, LLP
        1600 John F. Kennedy Bouevard
        Suite 900
        Four Penn Center
        Philadelphia, PA 19103